Parker *v.* School District No. 38.

JOHN N. PARKER *v.* SCHOOL DISTRICT No. 38, JEF-FERSON COUNTY.

COMMON SCHOOLS. *Teacher. Directors. Suspension. Dismissal.* A school teacher in the common schools has power to suspend a pupil for a violation of regulations, but no power to expel. This rests with the school directors, who may overrule his action. They have the power to restore the pupil suspended, and if the teacher refuse to receive the pupil back, they may dismiss the teacher for such refusal.

FROM JEFFERSON.

Appeal in error from the Circuit Court of Jefferson county. J. G. ROSE, J.

J. W. YOE and J. M. MEEK for Parker.

O. C. KING and PARK for School Directors.

MCFARLAND, J., delivered the opinion of the court.

This action was begun by Parker against "School District No. 38," treating it, as we infer, as a corporation, also against the directors individually, to recover the amount claimed to be due him as salary as teacher of one of the public schools of said district. Upon appeal, it was tried by the circuit judge without a jury, and judgment rendered against "the school district" for $26.25 and costs. The plaintiff excepted because judgment was not rendered for the full amount claimed, and has appealed in error.

The facts as found by the circuit judge are, in substance, that Parker was proposing to teach a private school, and one of his published rules was, that the "pupils must abstain from the common use of tobacco and ardent spirits." He was then employed by the directors to teach the public school at the same place, and beginning the same day. The directors had notice of his published rule, and objected to the part in relation to tobacco, and in employing Parker, did so upon the understanding and condition that the rule in relation to the use of tobacco should not be enforced on the school grounds outside of the school-house. In the written contract entered into no reference is made to the subject. Some ten days after the school begun, Parker suspended two of the pupils for using tobacco on the school grounds outside

of the school-house, and notified the directors. The board at once met and decided that the pupils should be restored, and so notified Parker. It was agreed that the pupils should return until a day named, some ten days later, at which time Parker was to determine whether he would abrogate his rule in regard to tobacco so far as it applied to the school grounds, the directors telling him that they would sustain him so far as the rule applied to the school-house. On the day named the parties met, and Parker refused to abrogate or modify his rule in regard to tobacco and to allow the pupils to continue in school with the privilege of using tobacco on the school grounds. The directors thereupon notified him that he was discharged. He did not concede their legal right to discharge him, but recognized the fact that he was discharged, and afterwards continued the school, professing to do so independently of the authority of the directors. The question is as to the plaintiff's right to recover his salary after the date the directors assumed to discharge him.

By the general school law, it is made the duty of the school directors "to employ teachers, and to dismiss them for incompetency, improper conduct or inattention to duties." Act of 1873, ch. 25, sec. 20, sub-sec. 3. "To suspend or dismiss pupils when the prosperity or efficiency of the school requires it." Sub-sec. 4.

By sec. 29, "any teacher of a public school may, for a sufficient cause, suspend pupils from attendance on the school until the case is decided by the board

of school directors, which shall be with as little delay as possible."

Sec. 30 provides, "that the public schools shall be free to all persons between the ages of six and eighteen years residing within the district," with other provisions not necessary to mention.

From these provisions it is apparent that a teacher of a public school, while he has the right to suspend a pupil until the case is decided by the directors, cannot, without the concurrence of the directors, permanently deprive a pupil, within the ages and residing within the district, of the privileges of the school. The power to dismiss the pupil is alone given to the directors, and their decision must control. The refusal of a teacher to receive and admit to the privileges of the school a pupil whom the directors decide shall be received, or an attempt upon the part of the teacher to dismiss a pupil whom the directors decide shall not be dismissed, is, we think, such " improper conduct" as would authorize the directors to dismiss the teacher, for this would be to deny to the pupils the privileges of the public school secured to them by the law.

It is unnecessary for us to express any opinion as to the wisdom or propriety of the rule in regard to the use of tobacco, about which the controversy arose. It is enough to say, that this and all questions of a similar character are by the law intrusted to the wisdom and discretion of the school directors, and their decisions must in general be conclusive. If we could in any case control their discretion, the present is not

a case for the exercise of such power.    While much might be said against the use of tobacco, especially by young boys, yet it cannot be said that the directors should have sustained ᴸthe teacher in denying to all who were unfortunately addicted to its use the privileges of the public school which the law accorded to them, or, perforce, compel them to reform and abandon its use even while on the school grounds outside of the school-room.

The plaintiff chose not to submit to the rightful authority of the directors in this matter, and must abide his own decision.

Affirm the judgment.